Judge Tucker.
The appellee, James Moss, brought an action of debt in the District Court of Prince Edward., against the appellants, upon an obligation to himself as administrator of James Moss, deceased ; the writ was returned executed on Peter Guerrant and V/ilUar,i Moss, two only, of six defendants named in the writ; a copy left for Francis Moss, another of the defendants, he being not found ; and the three other defendants were returned no inhabitants of Buckingham County, to which the writ appears to have been directed.
At rules held in the office on the appearance day, a conditional judgment was entered against Peter Guerrant and William Moss, on whom the first writ had been served ; no separate order seems to have been made as to Francis Moss, for whom the sheriff had left a copy ; but an alias capias was awarded generally, as well against those defendants who were returned no inhabitants of the county, as against HIM.
The record mentions that no return is endorsed upon it; whether it v/as ever issued does not appear.
By the 33d sect, of the District Court Law, Rev. Code, vol. 1. c. 66. p. 79. where the sheriff shall return that tne’defendant is not found within his bailiwick, (which return the law prohibits him from making, unless he shall have actually been at the dwelling-house, or place of abode of the defendant, and left a copy of the writ; ibid. p. 122. c. 80. s. 15.) *300 the plaintiff may either sue out an- alias or &pluncs capiúí, until the defendant shall be arrested ; or a testatum capias where he shall have removed into another County; or may, at his election, sue out an attachment against the estate of the defendant to force an appearance. And by c. 66. s. 41. p. 80. (District Court Law,) on the return of. thepluries, that the defendant is not to be found, the Court, instead of the process to outlawry formerly used, may order a proclamation, warning the defendant to appear; which if he fails to do, the same proceedings shall be had, and the same judgment given, as in other cases of default. But here the plaintiff proceeded in neither of those cases although so clearly pointed out by the law-" He seems to have contented himself with the service upon' two, out of six defendants, and to have proceeded to take a separate judgment against them ; unless indeed, by declaring against the whale six as in custody, (though the record shews the contrary as to four of them,) we must be enforced to understand the judgment as rendered against the whole, instead of the two only, on whom process was served.
According to the practice in England,, when the plaintiff leave's a chasm in the proceedings of his cause, as by not continuing the process regularly, from day to day, and from time to time, as he ought to do, the suit is discontinued j and the defendant is no longer bound to attend, but the plain - tiff must begin again by suing put a new original, usually paying cosis to his antagonist, 3 Black. Com. 296. We are told by the same author, that the several wiits issued in succession to compel an appearance, being grounded on the sheriff’s return, must respectively hear date the same day, pn which the writ immediately preceding was returnable» Ibid. 282.
According to those authorities the omission to sue out the succeeding process prescribed by the act, to compel the appearance of the four defendants who were not arrested upon the first or second capias, was unquestionably a discontinuance of the suit, as to those defendants® Consequently *301 they were not liable to any further proceedings or judgment against them; unless they had voluntarily appeared, and made themselves parties to the suit, as in the case of Barnett & Woolfolk v. Watson Urquhart.(a) Whether it appears by the record that they have done so or not, I presently inquire. It may be proper, however, to notice in this place, that although a discontinuance is aided after a verdict, and even after a judgment by nil dicit or non sum informatus, that is to be understood where the defendant has actually appeared; and not where there has been neither an appearance nor even a service of process upon him. The mischiefs and inconveniences of a contrary doctrine would be altogether incalculable.
An office judgment having been entered against the defendants Peter Guerrant and William Moss, on whom the writ was returned executed; on their motion the judgment Was set aside, and thereupon they pleaded conditions performed, (without praying oyer either of the bond, or the condition,) upon which issue was joined and the suit con. iinued.
Afterwards we find the following entry on the record ; that at a Court held on the fifth day of April next following, came the parties by their attorneys, and thereupon came a jury’, &c. when a demurrer to evidence was filed and the jury were by consent of parties discharged from rendering any verdict, (not even assessing conditional damages,) and the cause was continued for judgment on the demurrer to evidence, which being argued at a subsequent Court, the Court was of opinion that the law was for the plaintiff; and thereupon it was considered by the Court, that the demurrer be overruled, and the suit was continued till the next term; when, by consent of parties, the issue joined in the suit was set aside, and a writ of inquiry awarded; which was forthwith executed and damages assessed to 391/. 4s. 9d. and then the record proceeds: Therefore, it is considered by the Court, that the plaintiff recover against the said defendants (not naming them) his damages aforesaid, &c. Execution *302 appears to have been issued against all the defendants named in the writ ; which is the first notice taken of any 0f them by name (except Peter Guerrant and William Moss, on whom the writ was returned executed,-) in any part of , ^ J 1 the proceedings except in the declaration, from the time of awarding an alias capias against all those upon whom the writ Was not served.
This short abstract of the record exhibits a tissue of clerical and practical errors and omissions, unfortunately, for the administration of justice, but too frequent in the records brought before this Court. If the fact were that all the defendants named in the writ did appear previous to the trial of the issue, and plead, and proceed to the trial, there ought to have been a special entry to that effect, as in the case of Barnett & Woolfolk v. Watson, &c.(a) For I can by no means agree, that a person, against whom a suit is brought, shall be charged as if he had appeared, unless the record cleary manifest that he did so. The word parties properly and exclusively appears to apply to those who were already in Court; and not to those who, though named in the writ, may possibly have been dead, or absent from the County or the Commonwealth. Three of the defendants named in the writ are returned no inhabitants of the County to which the writ was directed ; no presumption of notice to them is therefore to be made; and nothing short of an actual appearance, in person, or by an attorney appearing for them by name, so as to be chargeable for a fraud, or misconduct, in appearing for them, without being duly authorized, ought to be received as evidence of an appearance by, or in behalf of those defendants, or any others against whom process had not been returned executed. The judgment, therefore, as against all the other persons named in the writ, except Peter Guerrant and William Moss, if any such were entered, was clearly erroneous. But, here, for want of that clerical precision often so much neglected, I am at a loss to say whether any judgment was rendered against them, or not. The judgment is against “ the said defendantsleaving us to guess *303 who were meant thereby ; all those named in the writ, or those only upon whom the process was served. The execution indeed shews that the clerk, or his deputy, understood it to be against all without exception. But I apprehend this Court cannot take notice of the execution, as a part of the record in the originad suit. As to the judgment on the forthcoming bond, I do not consider that as before us upon this writ oí supersedeas which was awarded only to the original judgment, and I think the practice in this Court and the former General Court, zeas, not to consider the judgment on a replevy bond, or forthcoming bond, as brought up by writ of supersedeas, to the first judgment. See Leftwick v. Stoval, 1 Wash. 303. The case of Sayre v. Grymes, and Holcombe v. Pumal and others, there cited, seem to have proceeded upon similar principles.(a)
My first impressions were, that we must understand this judgment, as the course, of the proceedings in the cause require that it should be understood: that is, as a judgment against Peter Gusrrant and William Moss only, they being the only parties named in the record, who appear to have been served wrrir process, or to have appeared thereto, or to have put in any plea. The question then is, whether the judgment be erroneous, as against them, only.
The declaration is upon sl joint bond, entered into by six persons, all óí whom were named in the writ; on two of whom it was served, and against the rest au alias capias was awarded. I doubted whether, in such case, the plaintiff could go on to trial against the two, on whom the writ was served, and who had appeared, and pleaded to the action, before the others were either taken, or the process, which our act substitutes for the process of outlawry(b) had been issued and duly returned ; but 1 am informed both by be-bar and by Mr. Brown, the clerk of this Court, that dm .practice not only in the District Courts, but iu the General .Court, has uniformly been so. Some very strong objections to this practice have occasionally presented themselves to *304 my own mind,(a) which have indeed been rather strengthened by the decision of this Court in Leftwich v. Berkeley,(b) where the rule laid down by Judge Lyons, President, is, that if it appear by the declaration that there are other obligors in a joint and several bond, who are neither sued nor stated to be dead, the judgment against the other obligors is erroneous. The same judge on another occasion said, if it appear that a suit is founded on a joint bond, and the judgment is only against one, it will be arrested by a Court of Error, although no plea in arrest of judgment was filed in the Court below,(c) which is certainly contrary to the current of the late English authorities collected in 1 Saund. 291. b. note (4.) where the rule seems to be, that it must appear that the other obligor is alive, otherwise no advantage can be taken of the omission to sue him at the same time, but by plea in abatement. Now it seems to me, that the inconvenience (and perhaps injustice) is full as great, where the plaintiff discontinues his suit against one of the obligors, although named in the writ, as if he had not named him at all in the writ; especially when it appears probable, from the sheriff’s return, that the party against whom the process is discontinued, was a resident of the County to which the writ was directed, as was the case with Francis Moss, for whom a copy was left. For these and other reasons which I think might be offered, I strongly incline to overrule the practice, although apparently sanctioned by time and by the usage of Courts, for which I entertain the highest respect. We come next to the proceedings at the trial. And here it is contended, that it appears by the bond which is spread on the demurrer to evidence, that the breach is not well assigned in the declaration, the condition being to pay their proportionable parts of such debts as the administrator might thereafter be compelled to pay, whereas the breach assigned is the non-payment of their proportions óf a debt, which he was bound to pay, and had paid by consent of the defendants. But I am of opinion that the breach is well enough assigned, being according to the true intent *305 •and meaning of the condition; for, if an ad ministra! or or executor be bound to pay a debt, ami, to avoid the expense of a suit, actually does pay it, with the consent of the legatees or distributees, it is the same re; if he had paid it after judgment, and much moro for their benefit, than if he had incurred the costs of a lawsuit. The discharging the Jury, without directing them to assess conditional damages, after the demurrer to evidence was joined, was an irregularity by which double trouble and expense to the parties was incurred ; and the subsequent setting aside the issue, and by consent impanelling a jury to inquire of damages after a judgment on the demurrer had been pronounced in favour of the plaintiff, appears to me to have been intended as a cúre for that irregularity, and to have operated accordingly-. I cannot, however, help noticing a clerical impropriety in entering the judgment on the demurrer to evidence, viz. that it be overruled, whereas the judgment ought to have been, that the plaintiff should recover against the defendant such damages as a jury to be impanelled for that purpose should assess, the former Jury having omitted to assess damages conditionally-. We come now to the final judgment, which is, that the plaintiff recover against the said defendants his damages, &c. This I was at first inclined to think might be corrected by the insertion of the names of Peter Guerrant and William Moss (the only defendants who appear to have been before the Court) after the word defendants in the judgment, and with this correction, if the other members of the Court should have been satisfied as to the point of practice before noticed, 1 thought the judgment might be affirmed, as to those de - fondants only, leaving it to the parties, respectively-, to proceed, as they may be advised as to those points which could not be taken under consideration upon this record. But 1 now doubt of the correctness of that opinion ; for, upon inspecting the record more minutely-, I observe, that the declaration charges all the defendants named in the writ, as in custody, instead of charging those only in custody, upon whom process had been duly served, and naming the rest-, *306 as I think it ought, u as not yet taken;” if, indeed, (as I very much doubt,) the plaintiff could proceed against the two first separately. The practice is certainly otherwise in England; for where process is against two in a joint cause of action, and one only appears,, the other must be outlawed, before there can be any other proceedings.(a) So in this country the plaintiff ought to have proceeded against the defendants who were not taken according to the directions of the forty-first section of the District Court Law, before cited, the process therein directed being substituted for the former process of outlawry.(b) The reason appears to me to be the same in both cases. The case of Symonds v. Parminter and Barraw,(c) shews it to be necessary to set forth the process of outlawry in the declaration against the defendant who appears. And in 6 Term Rep. 328. (d) Lord Kenyon says, expressly, that nothing can be more clearly established, than that, in cases of contract, the plaintiff must sue all the contracting parties, and proceed to outlaw such of them as do not appear in answer to the writ; and this appears to agree with ¿ Co. 119.’where it is said that, if two persons be bound in a joint obligation, if they be both sued, and one appears, and'the other makes default, and by process is outlawed., he-who appears shall be charged. But he■ might have pleaded an abatement of the writ. The reason appears to be the same where the contract is an obligation, whether joint or several, if the plaintiff, instead of proceeding, as he might against each of the obligors, separately, shall have elected to proceed against them jointly; for, having made his election what action he should bring, he must conform to the nature of the action he has brought ; as in Leftwich & others v. Berkeley,(e) where this Court decided, that the plaintiff, having elected to bring his suit aga'inst several of the obligors in the bond, as if it were a joint bond, instead of suing them separately, as he might, the obligation being several.; as well as joint, was precluded from, taking a judgment against the majority, having omitted one or more of the oh-' ligors’ named in the bond j although he might have proceed- *307 «d against each, separately, had he chosen to do so, Berkeley v. Boxley in this Court, (October term, 1805,) was an action of debt against two or more of the securities of one --—, a sheriff of Halifax County. By the declaration it appeared that there were several other obligors in the bond, which was joint and several; and that the sheriff, the principal obligor, was dead ; but no mention was made as to the others not named in the writ. The General Court gave judgment for the defendants. The Attorney-General moved for a supersedeas ; and I was of opinion it ought to be granted. "But the rest of the judges agreed in refusing it, and Judge Lyons said, if there be several obligors in a joint and several bond, the obligee has his election to sue them all jointly ; or either of them (but not two or more) separately. The action must either join all together, or proceed against each individually. I conceived that if this were not pleaded in abatement, it could not be taken advantage of in any other manner. But the supersedeas was refused. The plaintiff was under no obligation to file his declaration against the defendants who were not served with process, until they were served with it, or until he had proceeded in the manner which our law provides as a substitute for the process of outlawry. Of course, he might and ought to have adapted his declaration to the real truth of the case, instead of suggesting that those who had never been served with process, and of course were not amenable to the judgment of the Court, were in actual custody, and thereby amenable in the fullest extent. As, therefore, there was a discontinuance of the suit as to all the defendánts except Peter Guerrant and William Moss, the naming the other defendants in the declaration, as in actual custody, was an error, I conceive, which could only be cured by their subsequent appearance, and voluntarily making themselves parties deiendants, as in Barnett v. Woolf oik ; and which of course, vitiates the judgment, inasmuch as the judgment ought always to conform to the declaration. Now, a judgment against persons who have never appeared, nor even been served with process, must be *308 absolutely void. This judgment is therefore void, as to those defendants who were not in Court *. but it is a joint judgment; of course, it would, seem to me, that it must be erroneous as to all, a judgment being an entire thing.(a)
The demurrer to the, evidence, I think, discovers another error, not yet noticed. It states certain material evidence given by one witness against all the defendants, by which I understand all named in the writ and declaration. It then proceeds to state the evidence of another witness against two of the defendants, without naming them. This witness clearly thought he was giving evidence in a cause in which all the defendants were parties, since he speaks of two of them. Which two were they? The two who had appeared ; or two of the four who had not appeared ? The evidence might have related only to the latter, and therefore have been inadmissible and improper as to the former. This brings the case within the decision of this Court, in Barret & Co. v. Tazewell, 1 Call, 223. and 2 Wash. 281. Leev.Tapscott.
Upon the whole, I think the judgment erroneous, as to all the defendants, as well those who have appeared, as those against whom the suit was discontinued, and that it ought to be reversed entirely.
judge Roane.
None of the objections made in this case, seem to merit a particular refutation by the Court, except this, that it is alleged that the judgment was rendered against ail the six defendants mentioned in the writ, whereas, the process has • been only served upon two of them. St seems to' me, however, certain, that this is not the case, and that judgment has been rendered against the two only. Those two had made up an issue with the plaintiff, and had gone to trial, while the others had not been brought in by process, nor had entered their appearance. On the trial between the plaintiff and the two defendants, a demurrer “to evidence had been tendered by the defendants, and joined by the plaintiff, whereupon, *309 by consent “ of parties,” (here undoubtedly meaning only the two defendants, who had joined issue and demurred to the evidence,) one of the jurors is withdrawn, and the demurrer to evidence continued to be argued. Afterwards, at the next Court, the record states, came “ the parties,” and the demurrer to evidence of the “ defendants” (z. e. the two) being argued, judgment is given thereupon for the plaintiff, and the suit is continued till the next term. At which term (continues the record) came “ the parties,” and by consent of parties, the issue joined between “ the parties in this suit” (here undoubtedly still meaning the two) is set aside, and a writ of inquiry awarded the plaintiff, whereupon came a Jury, who assessed the plaintiff’s damages to 391/. 4s. 9d. and a judgment was rendered against “ the defendants,” (z. e. those defendants who had first joined issue and then set it aside,) pursuant to the verdict. Nothing, therefore, can be clearer, in my apprehension, than that the judgment has been rendered against the two defendants only, and not the others.
The setting aside the issue, has, of course, waived all objections to the proceedings on the demurrer to evidence exhibited thereupon. As at present advised, however, I think the judgment of the Court upon that demurrer was correct. With respect to the transcript of the judgment now brought up b'y certiorari ; I do not consider this case upon that transcript solely, but upon it in connexion with the record now before us; and striking out the caption thereof, which would certainly not have been properly inserted in making up the record, no difference results, as to the point in question, by the exhibition of this latter transcript.
In this case the damages found by the Jury, are within those laid in the declaration, but exceed those mentioned in the writ. If the matter had been é converso, the judgment would stillhmo been correct; for, in that case, the damages laid in.the declaration would have been extendedlo the standard of those laid in the writ, by virtue of the act of jeofails. *310 (a) That act declares that, after verdict, (or a writ of inquiry,) no judgment shall be reversed on account of a mistake of anv date, sum, name, fee. in the declaration, the same being right in any part of the record or proceeding. In the of Hook v. Turnbull, (MSI) I gave it as my opinion tbat after verdict, all sums, dates, &c. in the writ were, un7 7,7 7 der the act, to be considered as incorporated in the declaration, and would thus correct the mistakes contained therein; but this was only for the purpose of supporting a judgment. The act, its object being to support judgments after verdict, declares that, after verdict, a mistake in the declaration shall not be objected, if the date, sum, &c. be right in the writ or other proceedings. The act, quoad dates, sums, names, &c, and for the purpose of supporting judgments after verdict, makes the writ a part of the declaration ; but there it stops. It certainly does not (for such was not the policy or object of the act) make -it, without oyer, a part of the declaration in order to reverse the judgment. This idea seems to have governed Judge Lyons, in the case of Stephens v. White.(b) In that case he says, “that now, by the act of jeofails, the “ declaration ftiay be amended by the writ,” (no doubt for the purpose of attaining the object of the act as aforesaid,) “ since, the mistake may be corrected by another part of the ¿‘ record where the sum is rightly stated; for, although you “ cannot have advantage of the writ to /dead a variance, “ without craving oyer of it, yet you may apply to it to “ amend by, though oyer was not taken.” So, in 8 Co. Rep. 158. Arthur Blackamore's case, it is held that,“ as to the.power “ of reformation and amendment, the Courts have power “ only to do it in affirmance of the judgments of such re- “ cords and proceedings-” Again, it is held in 1 Bac. 164-. Gwill. edit, that it is “ a general rule that the Court will make “ no amendment that will defeat a judgment; the statutes al- “ lowing amendments in afirmance of judgments only.”
On these grounds, although the verdict and judgment before us is for more money than the sum stated in the writ, yet, being within the limits of that mentioned in the *311 dedaruíicn, í a:u of opinion, that taken in respect of the variant", and Jti’FIKMEI). t-sat the judgment be
Judge Fleming.
This is a case of considerable difficulty ; and the Erst question is, whether, in an action of debt on a bond, where several are jointly and severalty bound, and only part of them arrested, the plaintiff may proceed against such, before he proceeds to outlawry against those who are not arrested, and do not appear ; or must go on to proclamation, which, by our act of Assembly, is substituted for the process of outlawry in England.
The cases cited from 6 Term Rep. 328. 1 Stra. 474. and 1 Wils. 78. do not seem to apply to the present case. The first was in a joint action of assumpsit against two, who were partners in a brewery, for malt delivered to them by the plaintiff. The second was an action of assumpsit on a bill of exchange, where the defendant pleaded that others joined him in the supposed promises. And the third was on a joint assumpsit; and, one of the parties being abroad, the plaintiff was obliged, according to the English practice, to proceed to outlawry against him, before he could go against the other defendant, "lítese cases seem to me clearly distinguishable from the one now before the Court, (which is an action against six defendants, on a joint and several bond,) and at most, relate to mere matters of practice, in England} and ought, in my conception, to have no effect on the practice hero, which has uniformly been, for more than half a century, iu cases of this sort, to proceed against such of the defendants as may have been arrested, without regard to .others who have never been so, nor entered an appearance $ and 1 am not, at this day, for changing, or disturbing a practice that has uniformly obtained throughout the country, for so great a length of time ; especially as I conceive it to be attended with no injury to defendants, and is very convenient and beneficial to plaintiffs in expediting justice. I am diercforte of opinion, that the plaintiff might well proceed *312 against the defendants who were arrested, without going ok to proclamation against the others.
But a second objection is, that the plaintiff in his declaration charged those defendants not arrested, as in custody : appears to be a mere matter ofform, in the declaration, and is conformable to the usual mode of declaring in this country, where there are several defendants, and can neither obstruct, embarrass, nor affect, the defence of those who have been arrested, and appeared in Court; and therefore is a matter of no consequence ; and, after a discontinuance against those defendants, might be struck out of the declaration.
The capias issued the 3d of March, 1801, to Buckingham County, against Francis 3£oss, Stephen 3£oss, William Moss, John Spiers, Richard Davenport, and Peter Guerrant, on which the return was, “ executed on Peter Guerrant and “ William Moss, a copy left for the defendant Francis Floss, “ he not being found; and the defendants Stephen Moss, “ John Spiers, and Richard Davenport, no inhabitants of “ Buckingham Count)'.” At the rules held in the clerk’s office of Prince Edward District Court, (to which the writ was returned,) the 6th of April following, the defendants not appearing, a conditional order was entered against the defendants Peter Guerrant and William Moss, and an alias capias awarded against the other defendants ; and, no return having been made thereon, and no other process awarded against them, there was a discontinuance of the cause, as to Francis Moss-, Stephen Floss, Spiers, and Davenport; and as neither of them afterwards appeared, and voluntarily made, himself a party to the suit, no judgment could have been rendered against either of them; though the clerk, notwithstanding such discontinuance, has awkwardly inserted their names in the caption of some of the subsequent Orders in the cause.
On the 6th of April, 1802, the office judgment which had been confirmed against the defendants Peter Guerrant and. ■ Williqm 31oss, was set aside, and they pleaded that they had *313 performed the conditions of the writing obligatory in the declaration mentioned, and issue was taken thereupon.
At a subsequent day came the parties, (to wit, the plaintiff and the defendants, Guerrant and William Moss, the only parties then in Court,) by their attorneys, and a' Jury to try the issue ; at which trial the defendants (to wit, Guerrant and W. Moss') demurred to the plaintiff’s evidence, as insufficient to maintain his action; and, by consent of parties, a juror was withdrawn, and the cause continued. At the next term the demurrer was argued and overruled, and the cause further continued: and at a subsequent day, by consent of the par ties,(to wit, the plaintiff and the defendants Guerrant and William Moss,) “ the issue joined between the parties in this suit a is set aside, and a writ of inquiry awarded the plaintiff;” whereupon a Jury was sworn to inquire of damages, who found that the plaintiff hath sustained damages by the occasion in the declaration mentioned to 391/. 4s. 9d. besides costs; on which verdict the Court, gave judgment that the plaintiff recover against the said defendants, his damages aforesaid, and his costs. And, whatever advantage the defendants might have had, on a supposition that the demurrer was improperly overruled, their voluntarily withdrawing their plea, settingaside the issue, and consenting to a writ of inquiry, was a complete waiver of such advantage, if any they had.
It appeai-s to me that whenever the parties are mentioned throughout the record, after the common order, it must be confined to the plaintiff and the defendants Guerrant and William Moss; and, when the defendants are mentioned, it refers exclusively to them also; as none of the other defendants named in the writ and declaration, were ever in Court; and therefore no judgment was, or could have been rendered against either of them. Notwithstanding which, the clerk, misconceiving the judgment, and, mistaking the duties of ihis office, issued a fieri facias against the estates of them all j part oi which has been levied on two negroes of the estate oí Francis Moss, on two others belonging to Peter Guerrant, and on a negro man belonging to William Moss. A forth *314 coming bond was given by Peter Guerrant, Francis Moss, William Moss, and ''John Guerrant, their security, and forfejte^ and a judgment on motion, that the plaintiff have ex» ecu^on agamst the three obligors first named in the bond.
It seems to me that the judgment was properly rendered against Peter Guerrant and William Moss, the benefit of which the plaintiff is not to lose through the mistake or misconduct of the clerk.
As to the issuing an execution against the six original defendants, taking a forthcoming bond, &c. they must, according to the decision in the case of Leftwitch & Wife v. Stovall, &c.(a) be considered merely as ministerial acts, (unconnected with the judgment which is alone before this Court) and cannot be regarded. “ Errors of this sort” (said President Pendleton, in delivering the opinion of the Court in that case) “ can only be rectified by the Court “ from whence the execution issued, subordinate perhaps to a the control of this Court; but it must come by appeal from il the opinion of that Court, given upon motion, and cannot. a be taken up collaterally upon an appeal from the original "judgment.”
The supersedeas was quashed as to Francis Moss, Stephen Moss, John Spiers, and Richard Davenport, •“ against whom M no judgment bath been rendered by the said District “ Court,” and the judgment against William Moss and Peter Guerrant affirmed.
*315 "1

 1 Wash. 372

 l Wash. 372.

 1 Hen. & Munf. 406 407.

 Rev.Code. vol. 1 c. 66. s. 41.

а) See 5 Co. 119. 1 W. Bl. Rep. 20. 6 TermRep.328. 1 Wils. 78. Symonds v. Parmenter & Barrow. 1 Stra. 473. Edwards v. Carter.

 1 Hen. & Munf. 66.

 1 Call, 273.

 1 Strange, 473. Edwards v. Carter. 2 Atk.571.S.P. 1 Vez. 396. S. P.

 Rev. Code, vol. 1. c. 66. s. 41.

 1 Wilson, 78. 2 Strange, 1269. S. C. 1 Blacks. Rep. 20. S. C.

 Shepperd v. Baillie.

 1 Hen. & Munf. 61.

 1 Lord Raym. 600. 602 arguendo. Cro. Jac. 303. King v. Marlborough. Ibid. 304. Miles v. Pratt, &c.

 1 Rev. Code, p. 111.

 2 Wash. 212

 l Wash. 303.